IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY BOWLIN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NANCY MONTANEZ, as the Director of the Nebraska Department of Health and Human Services,<br><br>Defendant. | CASE NO. 4:04CV03218<br><br><br>MEMORANDUM AND ORDER AWARDING ATTORNEY FEES AND EXPENSES |

This matter is before the Court on the Plaintiff's Application for Attorney Fees and Non-Taxable Costs pursuant to 42 U.S.C. §1988. (Filing No. 66). According to the motion, Plaintiffs seek an award of $18,770 in fees and $ 334.90 in non-taxable costs. The Defendants object to the application on the basis that application seeks payment for time spent by plaintiffs' counsel that, allegedly, was excessive and duplicative. (Filing No. 72). Plaintiffs reply, in part, that the Defendants are unable to illustrate their objections with specific examples of excessive or duplicative efforts. (Filing No. 76). For the reasons provided briefly below, the application is granted, and most of the fees and expenses are approved.

Plaintiffs filed a class action-styled Complaint on June 16, 2004, together with a motion for a temporary restraining order (Filing Nos. 1 and 5). The Court granted a temporary restraining order, and, following a hearing, granted preliminary injunctive relief to Plaintiff Kelly Bowlin. (Filing No. 41). The class was certified on April 5, 2005, and the Plaintiffs' motion for summary judgment was granted and the Defendants' cross motion was denied (Filing Nos. 62 and 63). To summarize, the Court concluded that the class

members, who became ineligible for Medicaid benefits because of earned income, were entitled to Temporary Medical Assistance under federal law.

Courts may award attorneys fees to a prevailing party in an action based on 42 U.S.C. §1983. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court outlined the major factors to be considered by a court in awarding attorneys fees: 1) whether an award is appropriate; and 2) the value of the services rendered as determined by the "lodestar" method. *Id.* at 433. The lodestar is calculated by determining the number of hours reasonably expended on the case and multiplying them by the applicable hourly market rate for the relevant legal services. *Id.* A court must also consider whether an enhancement or reduction to the lodestar is warranted in a particular case. *Jensen v. Clarke,* 94 F.3d 1191, 1203-04 (8th Cir. 1996).

With regard to the first *Hensley* consideration, the Court finds that the Plaintiffs clearly prevailed in their case against the Defendants. Plaintiffs succeeded at each stage of the litigation, and this Court concluded that the Plaintiffs were entitled to the relief sought in the Complaint. Thus, the Court must determine the value of the professional services provided to the Plaintiffs using the lodestar method.

The prevailing party must submit documentation to establish the amount of the request; must exercise "billing judgment"; and must be mindful that '[h]ours . . . not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (*citing Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis original)). [1] This Court has stated:

---

[1] Before Hensley, the so-called "Johnson factors" were the courts' primary guide in formulating awards. This Court has recognized that the Johnson factors should

> With respect to hours reasonably expended, that is ultimately a judgment for the court. The issue, however, "is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Awarding Attorneys' Fees* at 24-25 n. 116 (*quoting Grant v. Martinez*, 973 F.2d 96, 99 (2nd Cir.1992), *cert. denied*, 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993)). The Supreme Court made it clear that counsel are required to exercise billing judgment and that district courts are required to exclude from initial fee calculations hours that were not reasonably expended, including excessive, redundant, or otherwise unnecessary work. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939-40.

*Tabech v. Gunter*, 869 F. Supp. 1446, 1456 (D. Neb. 1994). "The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work. . . . [W]hen calculating the lodestar, various things are subsumed within it; that is, reductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included. . . . " *U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 904 (D. Neb. 2000).

The Plaintiffs were represented by two attorneys who practice through the Nebraska Appleseed Center for Law in the Public Interest, Rebecca Gould and Patricia Knapp. The total number of hours claimed by Gould in the motion is 162.05, and by Knapp is 17.1. As I consider the descriptions provided in the Time Logs attached to the affidavits of Gould and Knapp, I find no problems of excess or redundancy. Their representation of the

---

be considered as they bear on the calculating the lodestar. Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717 (5th Cir.1974). I have considered these factors in my analysis.

Plaintiffs began before suit was filed as preliminary settlement negotiations transpired. While it is clear that the attorneys "conferred" on several occasion, these conferences were not excessive, and they occurred at critical phases in the litigation. (See, *i.e.*, Knapp Time Log, *i.e.*, identifying claims and strategies before filing complaint (4/14); the TRO hearing (6/14); preparation for preliminary injunction hearing (7/19 & /22); class certification (10/1) summary judgment (12/7 & 17); attorney fee application (4/7& /8) ). Based on my review of the time logs, I find that there was an appropriate delegation of responsibilities to the appropriate attorney. I find no reason to exclude any of the attorney hours from the application, and, therefore, all hours will be included in the lodestar calculation. This reflects my best judgment of the number of hours reasonably expended in this case. *See Tabech v. Gunter*, 869 F.Supp. at 1460.

Having made the findings on the reasonableness of the time spent on the matter, the lodestar method then requires the Court to determine each attorney's applicable hourly market rate for the relevant legal services. The Supreme Court has decided that fees for legal and paralegal services should be allowed at the rates billed to clients for such services if that is the practice in the relevant market. *Missouri v. Jenkins*, 491 U.S. 274, 285, 287-88 & n. 9 (1989).

Gould has been practicing law for the benefit of low-income persons since her graduation with distinction in 2001 from the University of Nebraska College of Law. She was one of several attorneys who represented the plaintiffs in the *Kai v. Raymond* case, 4:03cv3030, and her expertise in the specific subject matter of this case was enhanced by that experience. I find that her requested rate of $100 is consistent with the rates that this Court has upheld as reflecting the market for lawyers with similar years of experience

performing similar civil rights work. *See, e.g., Klinger v. Nebraska Dept. of Corr. Serv.*, 909 F. Supp 1329, 1336-37 (D. Neb. 1995)(upholding hourly rates from $90 to $150 for attorneys practicing civil rights work).

Knapp has been practicing law since her graduation from the University of Nebraska College of Law in 1984. She has practiced not only in this Court, but also in the state courts of Nebraska, the Eighth and Ninth Circuit Courts of Appeal, and the United States Supreme Court. I find that her requested rate of $150 is consistent with the rates that this Court has upheld as reflecting the market for lawyers with similar years of experience and for civil rights cases generally. *Id.*

I find that the total number of hours that the Plaintiffs' attorneys reasonably expended in this case multiplied by the applicable market rates are as follows:

Rebecca Gould    160.25 hours[2] x $100 = $16,025.00

Patricia Knapp    17.1  x $150 = $2,565.00

I find no reason to enhance or detract from the lodestar. For example, less than one year has lapsed from the filing of the Complaint through the filing of this order, and so there has been no delay in the attorney's payment justifying an enhancement. And, while I acknowledge that there was certainly some similarity between this case and the *Kai* case with which Gould was previously involved, there was nothing "cookie-cutter" about the litigation and no reason to detract from the award of fees on that basis. Given the degree of success achieved for the number of persons represented by Plaintiffs' counsel, the award of attorneys fees is fair and reasonable. Thus, I approve an award of attorneys fees

---

[2] The total hours Plaintiffs seek for Gould is 162.05, but when I calculated the entries, the total hours for Gould is 160.25.

5

to the Plaintiffs in the amount of $18,590.00.

Finally, I find that the costs claimed by Appleseed for travel and lodging related to the depositions are reasonable, and I will award those costs, but I will not award the mileage and parking expense for travel to Omaha for the preliminary injunction hearing or the expense of conducting computer-assisted legal research.  *See Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319, 325, n.7 (8th Cir. 1993).  Appleseed will be awarded non-taxable expenses in the amount of $210.56.

For the reasons provided in this memorandum,

IT IS ORDERED:

1. The Plaintiffs' Application for Attorneys Fees and Non-Taxable Expenses (Filing No. 66) is granted; and

2. The Defendants shall pay the prevailing Plaintiffs their reasonable attorney fees and costs in this matter by sending payment to Nebraska Appleseed Center for Law in the Public Interest the amount of $18,800.56.

Dated this 13th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge